Christian, J.,
delivered the opinion of the court.
The point of controversy in this case arises between the attaching creditors, Kirkland, Chase & Co., and the appellee, Bruñe, who claims to be the assignee of a chose in action. The solution of the question raised by the pleadings and evidence in the cause depends upon the true construction to be given to those provisions of the registry laws contained in the fourth, fifth and sixth sections of ch. 114, Code of 1873, p. 897, and which, so far as they relate to the question under consideration, are as follows:
§ 4. Any contract in writing made in respect to real estate or goods and chattels, in consideration of marriage, or made for the conveyance or sale of real estate, or a term therein of more than five years, shall, from the time it is duly admitted to record, be as against creditors and purchasers as valid as if the contract was a deed conveying the estate or interest embraced in the contract.
• § 5. Every such contract, every deed conveying any such estate or term, and every deed of gift, or deed of trust, or mortgage, conveying real estate or goods and chattels, shall be void as to creditors and subsequent purchasers for valuable consideration without notice, until and except from the time that it is duly admitted to record in the county or corporation wherein the property embraced in such contract or deed may be. * * * * *
§ 6. notwithstanding any such writing shall be duly admitted to record in one. county or corporation, wherein there is real estate or goods or chattels, it shall nevertheless be void as to such creditors and purchasers in respect to other real estate or goods or chattels without the same, until it is duly admitted to *128 record in the county or corporation wherein such other real estate or goods or chattels may be.
These are the only sections of the act necessary now to be considered and construed in fixing the rights of the parties in this case.
It is proper and convenient, first, however, to give a brief statement of such of the facts disclosed by the record as are necessary to a proper understanding of the claims of the contesting parties. It seems that Kirkland, Chase & Co. instituted their suit by way of foreign attachment in the corporation court of Dan-ville, against "William II. Bruñe, and the said Bruñe trading as F. "W. Bruñe & Sons, for the sum of $28,000, with interest thereon from February 1st, 1872. An attachment was issued directing the sergeant of the city of Danville to attach the effects and estate of said Bruñe and Bruñe & Sons in Danville, or any estate or debts due him in the hands of or under the control of the Danville Manufacturing Company, or their trustee, Harrison Robertson. The sergeant levied upon the property of said company, and delivered copies of process to Robertson, trustee, and Voss, president of the company. All this was done on the 14th day of February, 1872, at 10J o’clock A. M., as shown by the sergeant’s return.
It further appears that some time in May, 1866, the Danville Manufacturing Company, which had' been doing a very extensive business, became insolvent and conveyed to Harrison Robertson large and valuable property, consisting of real estate, water-power, machinery, fixtures, stock of manufactured goods, money in the hands of its treasurer, bonds, open accounts, debts, choses in action, and indeed all its property, real, personal and mixed, in action or possession, and where-ever situate or found. This conveyance was made for the benefit of the numerous creditors of said company. *129 Among those creditors, and perhaps the largest, was the firm of John T. Barry & Co., of the city of Baltimore. The trustee, Bobertson, had in execution the trusts created by said deed, and in accordance with its provisions, sold a considerable portion of the trust property and distributed the proceeds among the creditors. There was still, however, a large portion of the property unsold and a large part of the claim of Barry & Co. still unpaid.
On the 1st of June, 1871, Barry sold and transferred for value received this claim, being the balance: due him from the Danville Manufacturing Company,, to William H. Bruñe. The writing transferring this; claim by Barry to Bruñe was recorded in the clerk’s; ofiice of the circuit court of the town of Danville on the 9th day of February, 1872. This was the debt . which it ivas sought to reach by the attachment sued out by Kirkland, Chase & Co.
But it further appears that on the 13th February, 1872, Bruñe made a deed of trust for the benefit of his creditors, by .which he conveyed to Whitridge, trustee, “ all his estate and property, real, personal and mixed, and all claims and debts due to him and to the firm of F. W. Bruñe & Sons,” the deed containing only certain exceptions of wearing apparel and personal effects, portraits, See. This deed was recorded in Baltimore on the 16tli February. It does not appear ever to have been recorded in Danville. It was not acknowledged by Bruñe until between 12 and 3 o’clock on the 14th February. It will be observed that in this deed of trust the claim or debt transferred from Barry to Bruñe is not mentioned eo nomine. But it appears that on the same day on which the deed was written, to-wit: on the 13th Feb *130 ruary, 1872, the following paper was signed and sealed by Bruñe, and immediately sent by mail to Danville:

To H. Robertson, Esq., trustee, &c., &c., Danville, Va.:

Sir—I hereby, for value received, assign and transfer to Horatio L. Whitridge, of this city,.trustee for the benefit of my creditors and of the creditors of my firm of F. W. Bruñe & Sons, of this city, equally, all right, interest and claim in and to the claim of John S. Barry & Co. against the Danville Manufacturing Company, at Danville, Virginia, which was assigned to me by said Barry in May or June in the year 1871.
In witness whereof I have hereunto set my hand and seal at Baltimore, Maryland, on this the 13th day of February, A. D. 1872.
William II. Bruñe, [Seal.]
This paper was received by Bobertson, to whom it was addressed, by due course of mail, on the morning of the 15th February, about 10 o’clock A. M., as shown by endorsement made on the envelope containing it by said Bobertson.
How, it is under this special assignment, executed on the 13th of February, 1872, that Whitridge, the trustee for the creditors of Bruñe, claims the debt due from the Danville Manufacturing Company to Barry, and which had been assigned to Bruñe; while the appellants claim this same debt by virtue of their attachment, levied on the 11th February, 1872. These conflicting claims can only be determined by the construction to be given to the registry law above referred to.
If the transfer or assignment of a mere chose in action comes within the purview of the statute, then any instrument creating such transfer or assignment must be recorded to give it validity against creditors, and not being *131 recorded in Danville, the attaching creditors must prevail against the trustee of Bruñe. '
But if the assignment of Brune’s claim, which he chased from Barry, and which was a mere right to assert Barry’s claim”, whatever it was, against the Danville Manufacturing Compauy, and which is in its very nature a mere chose in action, does not come within the terms or evident meaning of the registry act, then the attaching creditors must fail in their demand; because at the time of the levy of their attachment the claim asserted against the Danville Company was no longer due to Bruñe, or one which lie could assert, but belonged to the creditors of Bruñe, assigned and transferred by him for a valuable consideration the day before the attachment vras levied.
How, referring again to the registry acts, we find the language to be “ every deed of gift, or deed of trust, or mortgage, conveying real estate or goods and chattels, shall be void as to creditors and subsequent purchasers for valuable consideration, without notice, until and except from the time it is duly admitted to record in the county or corporation wherein the property embraced in such contract or deed map be.”
How, the thing assigned, and sought to be reached by attachment upon the ground that the deed transferring it was not recorded, cannot be said to be property or goods and chattels within the meaning of this act. It is a mere chose in action; a claim of uncertain amount; a debt due (as claimed) as a balance on open account; a mere right to sue for and recover whatever balance may be due to Barry & Co. from the Danville Company. The act plainly does not embrace such a claim as this. It manifestly refers to such property and such goods and chattels as are visible, tangible or movable. "While the word chattels is one of very large signification, and generally includes ehoses in action as well as all species of personal property, yet it is plain it is used in a more *132 restricted sense in this act; its meaning being limited by the terms which follow’ it. It is provided in the same section that a deed conveying such “real estate, goods and chattels” shall be recorded “in the county or corporation wherein the property embraced in such contract or deed may be.” Can it be told wherein a debt or claim “ may be ? ” Idas such property (if it may be called property in the sense of the statute) any situs, any locality ? What is the place “ wherein it may be ? ” Does it follow the debtor or the creditor ? If either, does it change its situs' every time there is á change of residence ? If it follows the creditor, then the proper place to record the deed' conveying it was Baltimore, and hot Danville, for the creditor lives in the city of Baltimore. I think the very language of the section quoted show’s conclusively that it has no reference to such an invisible, intangible thing as a debt claimed to be due, and the right to sue for and recover it if established.
But this construction is made the more apparent by reference to the eighth section of the same act. That section provides that—
§8. “If any goods or chattels mentioned in said writing be removed from a county or corporation in w’hich it is admitted to record, the said waiting shall, within one year after such removal, be admitted to record in the county or corporation to which the property is so removed; otherwise the same, for so long as it is not admitted to record in such last-mentioned county or corporation, shall, as to the property so removed, be void as to such creditors, or purchasers.”
How, how can it be predicated of an invisible, intangible thing like a chose in action that it may '“ be removed from one county or corporation to another ?”
If its locality is to be determined by the residence'of the creditor, or party claiming to be entitled to it, then it must be held to be removed every time the owner *133 removes his residence. In the case before us, as was before said, the residence of Whitridge being the city of Baltimore, that would be the place of recordation, or the place “ wherein the property may be ”—a place beyond the jurisdiction of the state, as to which there could be no legitimate legislation in this state.
These views, founded on the language and plain meaning of the statute, I think will demonstrate the absurdity of the construction contended for, and makes it plainly appear that the words “ property, goods or chattels” as used in the registry acts do not include mere choses in action, but such property, goods'or chattels as are visible, tangible and movable. I am therefore of opinion that the attachment levied in Danvillé did not reach the claim assigned by Bruñe to Whitridge, trustee; and that neither the deed of trust nor the special assignment of this claim was such a paper as is required to be recorded by the registry acts.
It follows from these views that there is no error in the decree of the court below abating the attachment, and that the same should be affirmed.
Staples, J.,
said he was not prepared to say that a
deed of trust conveying choses in action need not be recorded to make it valid against creditors and purchasers. The question was not free from difficulty, and he was not prepared to express an opinion on the subject. He thought, however, the special assignment in the case for the benefit of creditors sufficient to vest the title in the assignee as against the attaching creditor, and upon that ground he concurred in affirming the decree.
Anderson, J., concurred with Staples, J.
Decree affirmed.